VICTOR J. KANTOR, RESPONDENT, v. THE GUARANTEE BUILDING AND LOAN ASSOCIATION ET AL., APPELLANTS.

Submitted October 30, 1931—Decided May 16, 1932.

For the appellant, *Philip J. Schotland.*

For the respondent, *Harry Loeb.*

PER CURIAM.

This suit was brought in the First Judicial District Court of Essex county by Kantor to recover the amount of a check for $500 given by him to Charles Hood, one of the defendants, as a deposit against search fees to be incurred as a preliminary to the accepting by the Guarantee Building and Loan Association of a mortgage for $175,000, to be executed by the M. & W. Realty Company upon property owned by it and located in the city of Paterson. At the time of the giving of the check, Hood was the attorney for the Guarantee Building and Loan Association. After the receipt of the check a search was made by Hood, and apparently from the facts discovered by such search the Guarantee Building and Loan Association refused to make the mortgage loan to the M. & W. Realty Company, and Kantor then demanded the return of the $500. Both Hood and the Guarantee Building and Loan Association, the defendants, refused to return it, and thereupon the present suit was instituted. The question submitted for determination was whether or not the money was advanced by Kantor upon the condition that it should be returned to him in case the Guarantee Building and Loan Association should refuse to make the loan to the M. & W. Realty Company and decline to accept the mortgage upon its property. The trial resulted in a verdict in favor of the plaintiff as against both the defendants, and each of them then appealed to the Supreme Court.

The grounds of appeal are not contained in the state of the case submitted to this court, but an examination of the Supreme Court opinion shows that they were two in number: first, that the District Court erred in not granting a nonsuit in favor of both defendants because the plaintiff had failed to prove a cause of action against either of them; and, second, that the trial court erred in finding at the conclusion of the whole case in favor of the plaintiff, whereas from all the proofs submitted the court should have found in favor of both defendants. The Supreme Court, after a consideration

of the facts, held that there was no evidence that the Guarantee Building and Loan Association was under any obligation to pay to the plaintiff the amount of the check given by him to Hood, and that, for this reason, the District Court should have granted the motion to nonsuit which was made on its behalf. It affirmed the judgment against Hood, and from the judgment of affirmance entered against him Hood has appealed.

The basis upon which the Supreme Court rested its judgment of affirmance as to Hood is thus stated in its opinion: "At the argument Hood waived the specification for a nonsuit in his behalf, and the only question which was submitted by him as a basis for reversing the judgment against him was that the preponderance of the evidence favored him and not Kantor." The Supreme Court held that a judgment can only be set aside by a court of review for legal error, and that the fact that it is contrary to the weight of the evidence affords no ground for its reversal, and based its decision upon this rule. The soundness of the rule, of course, cannot be doubted. We are told, however, by counsel for Hood that the real contention urged before the Supreme Court was that there was no evidence at all to justify a finding against Hood and in favor of Kantor. It seems to this court that in this situation—that is, where the Supreme Court declared that the only question submitted to it was that the preponderance of the evidence favored Hood, and counsel for Hood now tells us that that was not the question submitted to the Supreme Court at all, but that the contention there was that there was no evidence to support the District Court judgment—we should accept the statement of the Supreme Court as settling the fact.

Taking this course, we conclude that the judgment under review should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, BODINE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 12.

*For reversal*—None.